UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY JEAN UKKERD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. SIEGEL, ESQ.;<br>GIANNI SAM STEPHANO, ESQ.;<br>CDCR CALIFORNIA STATE PRISON SACRAMENTO; and CA DEPT. OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-CV-253 JLS (AHG)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*, **AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT FOR FAILING TO PAY FILING FEE**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Plaintiff Audrey Jean Ukkerd's Complaint for Violation of Civil Rights ("Compl.," ECF No. 1) and Motion for Leave to Proceed *in Forma Pauperis* ("IFP Mot.," ECF No. 2). Plaintiff, proceeding *pro se*, alleges the violation of several of her constitutional rights by two attorneys, the California Department of Corrections and Rehabilitation, and a state prison. *See generally* Compl. Having considered Plaintiff's Motion and the supporting affidavit, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion.

/ / /

/ / /

1    All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Here, Plaintiff appears to have resubmitted the same motion to proceed IFP that she filed in the Supreme Court of California.  *See generally* IFP Mot.  Plaintiff's use of the wrong form is a basis for denying her IFP Motion.  *See, e.g.*, *Emrit v. Access Rx*, No. CV-15-00936-PHX-DGC, 2015 WL 6689294, at *1 (D. Ariz. Nov. 3, 2015) ("Because Plaintiff has used an improper form requesting IFP status, the Court will deny Plaintiff's application."); *Smith v. Unknown Party*, No. CV2008125PCTMTLJFM, 2020 WL 5891741, at *1 (D. Ariz. Oct. 5, 2020) (same).  The Court directs Plaintiff to the United States District Court for the Southern District of California's form IFP motion, available at https://www.casd.uscourts.gov/_assets/pdf/forms/AO239_Application%20to%20Proceed%20Without%20Prepayment.pdf.

Even overlooking this issue, however, Plaintiff's affidavit tends to show that the payment of court costs would not leave her unable to afford the necessities of life.  Plaintiff

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

and her spouse have a combined monthly income of $12,000. *See* IFP Mot. at 2. There appears to be a typographical error in the amount of cash Plaintiff and her spouse have, which is listed as "18000,000," but the amount appears to be not insubstantial. *Id.* at 3. Plaintiff and her spouse also own a home valued at $400,000. *See id.* Meanwhile, Plaintiff and her spouse's combined monthly expenses are only $1,559. *See id.* at 5. Because it appears that Plaintiff and her husband's monthly income exceeds their expenses by more than $10,000, and that Plaintiff and her husband own substantial assets, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motion (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** an additional thirty (30) days from the date on which this Order is electronically docketed to either (1) pay the entire $402 statutory and administrative filing fee, or (2) file a new IFP Motion, on the proper form, alleging that she is unable to pay the requisite fees.

**IT IS SO ORDERED.**

Dated: February 11, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge