UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY JEAN UKKERD,<br><br>                                  Plaintiff,<br><br>v.<br><br>MICHAEL J. SIEGEL, et al.,<br><br>                                  Defendants. | Case No.: 21-cv-00253-JLS-AHG<br><br>**ORDER DENYING REQUEST TO REOPEN CASE**<br><br>**[ECF No. 10]** |

Presently before the Court is pro se Plaintiff Audrey Jean Ukkerd's letter, wherein she requests that the Court "reinstate[]" her case. (ECF No. 10 at 1.) For the reasons set forth below, Plaintiff's request is **DENIED**.

On February 10, 2021, Plaintiff filed a "Complaint for Violation of Civil Rights" ("Complaint"), alleging violations of several of her constitutional rights by two attorneys, California Department of Corrections and Rehabilitation, and a state prison. (ECF No. 1.) Along with her Complaint, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.)

On February 11, 2021, the Court denied Plaintiff's IFP Motion, for Plaintiff's affidavit of assets demonstrated that she could afford the $402 filing fee required to maintain a case in this District. (ECF No. 3 at 2–3.) The Court accordingly dismissed the Complaint without prejudice to Plaintiff's payment of the filing fee within thirty days. (*Id.*

at 3.) On February 24, 2021, Plaintiff paid the $402 filing fee (ECF No. 4), so the Clerk of Court issued a summons (ECF No. 5).

On August 25, 2021, after six months passed without any activity in the case, the Court set a Dismissal for Want of Prosecution Hearing ("Dismissal Hearing") pursuant to Civil Local Rule 41.1 for September 3, 2021. (ECF No. 6.) Because Plaintiff is a pro se litigant, the Court sent Plaintiff notice of the Dismissal Hearing by U.S. Mail.

On September 3, 2021, the Court held the Dismissal Hearing, and Plaintiff failed to appear. (ECF No. 7.) Accordingly, the same day, the Court entered judgment and dismissed the Complaint without prejudice for want of prosecution. (ECF No. 8.)

The Court received the instant letter from Plaintiff on September 24, 2021. (ECF No. 9.) In her letter, Plaintiff requests "reinstatement of the case" and states that she "strongly disagree[s] with the dismissal of this case based on the [Court's] lack of review and [i]nvestigation into the chronological documentation [she] submitted" with her Complaint. (ECF No. 10 at 1.)

Because the Court has already entered judgment in this case, the Court construes Plaintiff's letter and request to reopen her case as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See, e.g.*, *Kassab v. United States*, Case No. 17-cv-0399 DMS (NLS), 2018 WL 9371457 (S.D. Cal. July 23, 2018) (granting request to reopen case made pursuant to Rule 60(b) after dismissal for want of prosecution and entry of judgment). Pursuant to Rule 60(b), a party may obtain relief "from final judgment, order, or proceeding" on several specific grounds, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; [or]
> (5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]

Fed. R. Civ. P. 60(b)(1)–(5).  Additionally, a party may obtain relief from judgment "for any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b)(6) is available only under "extraordinary circumstances," *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005), and the party seeking relief under Rule 60(b)(6) must "show both injury and that circumstances beyond [her] control prevented timely action to protect [her] interests," *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Here, Plaintiff provides no discernable basis for relief from judgment under Rule 60(b).  Nowhere in her letter does Plaintiff explain why she failed to prosecute her case[1] or why she failed to appear at the Dismissal Hearing on September 3, 2021.  Notably, Plaintiff does not maintain that she did not have notice of the Dismissal Hearing, and it is evident from her receipt of the Court's order entering judgment and dismissing the case (*see* ECF No. 10 at 4) that the mailing address on record for Plaintiff is accurate.  Absent a basis under Rule 60(b) to relieve Plaintiff from judgment, the Court will not reopen this case.  Accordingly, Plaintiff's request to "reinstate[]" the case is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 30, 2021

Hon. Janis L. Sammartino
United States District Judge

---

[1]  In her letter, Plaintiff seems to place blame on the Court for not making a "ruling concerning" Defendants' failure to respond to the Complaint within the twenty-one days specified by Federal Rule of Civil Procedure 12(a).  (*See* ECF No. 10 at 2 ("Defendants to respond to the court in 21 Days or Default.  Magistrate: No response, and no ruling concerning the matter in the Time of Limitation.").)  However, from the docket, it appears that Plaintiff never served Defendants, for there is no proof of service on record.  Because the Court did not grant Plaintiff IFP status, Plaintiff was responsible for service of the Complaint and summons.  Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").